IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ESPOSITO SECURITIES LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:12-cv-04926-N |
| § | |
| ADVISORSHARES INVESTMENTS, LLC, § | |
| § | |
| Defendants. § | |

### DEFENDANT ADVISORSHARES INVESTMENTS, LLC'S MOTION TO DISMISS THE ORIGINAL PETITION OF PLAINTIFF ESPOSITO SECURITIES, LLC

Defendant Advisorshares Investments, LLC ("ASI") hereby moves, pursuant to Rules 8(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), to dismiss in its entirety with prejudice "Esposito Securities LLC's Original Petition," dated October 23, 2012 (the "Petition" or "Pet.")[1], filed by Plaintiff Esposito Securities LLC ("Plaintiff" or "Esposito")[2]. A separate Memorandum of Law in Support of its Motion to Dismiss and Appendix are being filed contemporaneously with this Motion and are hereby incorporated by reference.

### GROUNDS FOR DISMISSAL

#### I.
#### PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECAUSE THEY FAIL TO MEET THE STANDARDS OF TWOMBLY, IQBAL, AND FRCP 8(A)(2).

Plaintiff's claims fail to meet the standards of FRCP 8(a)(2), as interpreted by the U.S. Supreme Court. Plaintiff fails to allege any factual detail to support its claims, instead relying

---

[1] *See* APP 000003-000026, a true and correct copy of the Original Petition; *see also* Dkt. No. 2, Ex. D.
[2] Esposito is a broker-dealer registered with the Securities and Exchange Commission ("SEC") and the Financial Industry Regulatory Authority ("FINRA"). *See* APP 000026-000050, a true and correct copy of the Annual Audited Report, Form X-17A-5, of Esposito Securities, LLC for the period ending December 31, 2011 (the "Annual Audited Report"), at APP 000036, p. 6; *see also* Dkt. No. 2, Ex. J. The Annual Audited Report, which was filed with the Securities and Exchange Commission ("SEC") on March 1, 2012, is publicly available on the SEC's website at the following address:  http://www.sec.gov/Archives/edgar/vprr/12/9999999997-12-007717.

upon only naked assertions and legal conclusions. Plaintiff's allegations also fail to demonstrate that Plaintiff's claims are plausible. Accordingly, Plaintiff's claims should be dismissed.

## II.
## PLAINTIFF HAS FAILED TO ADEQUATELY ALLEGE EACH OF ITS CLAIMS

Even assuming that Plaintiff's claims satisfy the standards of FRCP 8(a)(2) and FRCP 12(b)(6), as interpreted by the U.S. Supreme Court (and they do not), those claims still fail because Plaintiff has not adequately alleged the required elements of each of its claims.

With respect to Plaintiff's claim for tortious interference with existing contracts (Count 1), Plaintiff fails to adequately allege any facts as to who Plaintiff's alleged clients are, the contracts at issue and their general terms and conditions, whether any of Plaintiff's clients actually breached their contracts with Plaintiff, how ASI willfully and intentionally interfered with those contracts, how ASI's alleged interference proximately caused Plaintiff to suffer any damages or loss, or how Plaintiff suffered any actual damages or loss given that Plaintiff fails to identify a single client that was "lost."

With respect to Plaintiff's claim for tortious interference with prospective contractual relations (Count 2), Plaintiff fails to adequately allege facts as to who Plaintiff's prospective clients are or were and the nature of those prospective relationships, how ASI allegedly interfered with Plaintiff's prospective relationships with such clients, how ASI's alleged conduct was independently tortious or unlawful, how ASI's alleged interference proximately caused Plaintiff to suffer any damages or loss, or how Plaintiff suffered any actual damages or loss given that Plaintiff fails to identify a single prospective client that was "lost."

With respect to Plaintiff's claim for breach of contract (Count 3), Plaintiff fails to adequately allege facts as to what alleged confidential information was allegedly disclosed to Plaintiff's clients, which clients it was disclosed to, how that information was confidential, or

how the disclosure of such confidential information to Plaintiff's own clients caused Plaintiff to lose those clients.

With respect to Plaintiff's claim for business disparagement (Count 4), Plaintiff fails to allege what disparaging statements were allegedly made by ASI to Plaintiff's clients, which clients the statements were made to, how or when ASI allegedly made such statements, how such statements were made with malice, or how such statements proximately caused harm to Plaintiff.

Because Plaintiff has alleged nothing more than formulaic recitations of the elements of its causes of action, naked assertions, and legal conclusions, all of which are wholly unsupported by the factual allegations required by FRCP 8, and because Plaintiff has failed to adequately allege the required elements of each of its four claims, Plaintiff's Complaint should be dismissed in its entirety with prejudice.

### III.
### EXEMPLARY DAMAGES ARE NOT AVAILABLE AGAINST ASI

Finally, the portion of Plaintiff's prayer for relief seeking the award of punitive damages should be dismissed because Plaintiff has failed to allege any factual basis that would support an award of exemplary damages.  There are no factual allegations in the Complaint—other than two bald, conclusory allegations that ASI acted intentionally or with malice (Pet., ¶¶ 26 & 37)—that show gross negligence or malice here.

Because Plaintiff has alleged nothing more than naked assertions and legal conclusions that are wholly unsupported by the factual allegations as required by FRCP 8, and because Plaintiff has failed to adequately allege the required elements of each of its four claims or provide a factual basis for the award of punitive damages, Plaintiff's Complaint should be dismissed in its entirety with prejudice.

WHEREFORE, Defendant prays that the Court grant this Motion to Dismiss in its entirety and grant it all further relief, at law or in equity, to which it may be entitled.

Dated: December 28, 2012

Respectfully Submitted,

*/s/ Ann Marie Painter*
Ann Marie Painter, Bar No. 00784715
annmarie.painter@morganlewis.com
Micala R. Bernardo, Bar No. 24061108
mbernardo@morganlewis.com

**MORGAN, LEWIS & BOCKIUS LLP**
1717 Main Street, Suite 3200
Dallas, TX  75201-7347
Telephone:  214.466.4000
Facsimile:  214.466.4001

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been served upon all counsel of record via the Court's ECF filing on this 28th day of December, 2012, as follows:

Court D. Smith
Justin P. England
Crouch & Ramey, LLP
2001 Ross Avenue, Suite 4400
Dallas, TX  75012

*/s/ Ann Marie Painter*
Ann Marie Painter