IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ESPOSITO SECURITIES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 3:12-cv-04926-N |
| | § | |
| ADVISORSHARES INVESTMENTS, LLC, | § | |
| | § | |
| Defendant. | § | |

## JOINT STATUS REPORT

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to this Court's Order of December 31, 2012 (dkt 10), Plaintiff Esposito Securities LLC ("Esposito") and Defendant AdvisorShares Investments, LLC ("AdvisorShares") file this Joint Status Report as follows:

**1. Matters required by the Order Requiring Status and Scheduling Conference**

**a. A brief statement of the nature of the case, including the contentions of the parties.**

Esposito filed this lawsuit asserting tortious interference and breach of contract claims against AdvisorShares. Esposito contends that AdvisorShares breached a non-disclosure agreement between the parties. Esposito also contends that AdvisorShares tortuously interfered with a confidentiality agreement between Esposito and a former Esposito employee, Justin Burns, by inducing Burns to disclose confidential strategic information concerning Esposito's operations and strategy for a recent acquisition. Finally, Esposito contends that AdvisorShares contacted certain Esposito clients, disclosed confidential information to these clients, and instructed the clients to no longer use Esposito as a broker for AdvisorShares' ETF's.

AdvisorShares asserts that these allegations are factually incorrect, and also that Esposito has no legally cognizable claim.

**b. The status of settlement discussions.**

The parties began discussing settlement on December 11, 2012. Settlement discussions continued through and including February 20, 2013, but no agreement could be reached. Esposito is open to discussions of settlement after some discovery has been completed.

**c. Possible joinder of additional parties.**

Esposito asserts that Justin Burns is a potential party. However since Esposito's claims against Burns are subject to an arbitration agreement, Esposito has made no determination as to whether it will seek to join Burns in this lawsuit.

Although it is premature, AdvisorShares does not anticipate joining any additional party to this lawsuit at this time.

**d. Any anticipated challenge to jurisdiction or venue.**

None.

**e. Date by which the case will be ready for trial and estimated length of trial.**

Esposito respectfully requests a trial on November 11, 2013. Depending upon how many sub-advisors were contacted by AdvisorShares, Esposito estimates four days for trial will be required. No jury has been demanded yet, but Esposito intends to demand a jury.

AdvisorShares anticipates filing a motion to dismiss Esposito's amended complaint and, if necessary, a motion for summary judgment. Accordingly, it is difficult for AdvisorShares to predict when, if ever, the case will be ready for trial.

**f.  The desirability of ADR, and the timing of ADR.**

Esposito prefers mediation after limited discovery.

**g.  Any objections to disclosure under Rule 26(a)(1).**

The parties have no objections to Rule 26(a)(1) disclosures.

**2.  Rule 26(f) Discovery Matters**

Esposito estimates that approximately seven (7) months will be needed to complete written discovery and depositions.

AdvisorShares believes that no discovery should be conducted until its contemplated motion to dismiss Esposito's amended complaint is resolved. AdvisorShares also believes that, given that Esposito filed an amended complaint in response to AdvisorShares' motion to dismiss Esposito's original complaint, Esposito has conceded that its original complaint is deficient.

The parties are unaware of any issues regarding preservation of discoverable information at this time; counsel for each party agree to contact their clients and ensure a litigation hold has been installed to prevent loss of electronic data concerning the issues in this case or any communications made to potential witnesses.  Following disclosure of the matters set forth in Rule 26(a)(1), the parties anticipate they will exchange written discovery to explore the basis for Esposito's allegations and any affirmative defenses asserted by AdvisorShares.  Depositions of each party's corporate representatives and employees or officers who have relevant knowledge may be taken. Esposito asserts that it will need depositions of each of the persons contacted by AdvisorShares regarding Esposito, Esposito's operations, Esposito's potential to become competitive with AdvisorShares, and Esposito's continued provision of broker

services to sub-advisors of AdvisorShares' ETF's. Esposito also anticipates discovery concerning the transaction histories of the sub-advisors who utilized Esposito as a broker in the past and likely would have used Esposito for future trades.

Respectfully submitted,

By: */s/ Court D. Smith*
    **Court D. Smith**
    State Bar No. 24008049
    **Justin P. England**
    State Bar No. 24063955

    **CROUCH & RAMEY, LLP**
    2001 Ross Avenue, Suite 4400
    Dallas, Texas  75201
    Telephone:     (214) 922-7100
    Telecopier:     (214) 922-7101

    **COUNSEL FOR PLAINTIFF**
    **ESPOSITO SECURITIES, LLC**

-and-

By: */s/ Micala R. Bernardo*
    **Micala R. Bernardo**
    State Bar No. 24061108

    **MORGAN, LEWIS & BOCKIUS, LLP**
    1717 Main Street, Suite 3200
    Dallas, Texas  75201-7347
    Telephone: (214) 466-4000
    Telecopier: (214) 466-4001

    **COUNSEL FOR DEFENDANT**
    **ADVISORSHARES INVESTMENTS, LLC**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been forwarded via electronic mail and/or certified mail return receipt requested on this 27th day of February, 2013, to the following:

Micala R. Bernardo
MORGAN LEWIS & BOCKIUS LLP
1717 Main Street, Suite 3200
Dallas, Texas 75201
Tel:  214.466.4000
Fax:  214.466.4001
Email:  apainter@morganlewis.com
           mbernardo@morganlewis.com

                                             */s/ Court D. Smith*
                                             Court D. Smith