**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ESPOSITO SECURITIES, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:12-cv-04926-N |
| | § | |
| **ADVISORSHARES INVESTMENTS, LLC,** | § | |
| | § | |
| Defendant. | § | |
| | § | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
THE MOTION OF DEFENDANT ADVISORSHARES INVESTMENTS, LLC TO
DISMISS THE AMENDED PETITION OF PLAINTIFF ESPOSITO SECURITIES, LLC**

MORGAN, LEWIS & BOCKIUS LLP
1717 Main Street, Suite 3200
Dallas, Texas 75201
Telephone: (214) 466-4000

Attorneys for Defendant AdvisorShares Investments, LLC

## **TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES ....................................................................................................... ii

I. ESPOSITO'S CLAIMS FAIL TO MEET THE IQBAL/TWOMBLY STANDARD .................................................................................................. 2

II. THE DOCUMENTS RELIED UPON BY ASI MAY PROPERLY BE CONSIDERED ON A MOTION TO DISMISS ............................................... 4

III. PLAINTIFF FAILED TO ALLEGE A CLAIM FOR TORTIOUS INTERFERENCE WITH EXISTING CONTRACT (COUNT 1) ..................... 5

IV. PLAINTIFF FAILED TO ALLEGE A CLAIM FOR TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACTS (COUNT 2) ........... 6

V. PLAINTIFF FAILED TO ALLEGE A BREACH OF CONTRACT (COUNT 3) ........... 8

VI. PLAINTIFF'S "REQUEST" FOR LEAVE TO AMEND SHOULD BE DENIED ......... 9

CONCLUSION ............................................................................................................. 10

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Ashcroft v. Iqbal,
   556 U.S. 662 (2009) ................................................................................................. passim

Bell Atlantic Corp. v. Twombly,
   550 U.S. 544 (2007) ................................................................................................. passim

Gonzalez v. Conoco, Inc.,
   No. 98-cv-3109, 2000 WL 251744 (S.D. Tex. Feb. 1, 2000) .................................... 5,7

Jones v. Greninger,
   188 F.3d 322 (5th Cir. 1999) ........................................................................................ 10

Kimbrough v. Alamo Colls.,
   No. 09-cv-738, 2010 WL 841368 (W.D. Tex. Mar. 8, 2010) ........................................ 6

Puente v. Citimortgage, Inc.,
   No. 11-cv-2509, 2012 WL 4335997 (N.D. Tex. Aug. 29, 2012) ................................ 3,4

Scanlan v. Texas A&M Univ.,
   343 F.3d 533 (5th Cir. 2003) .......................................................................................... 4

Scheuer v. Rhodes,
   416 U.S. 232 (1974) ....................................................................................................... 3

Tompkins v. Century LLC,
   No. 11-cv-79, 2011 WL 4017957 (E.D. Tex. Sept. 9, 2011) ....................................... 10

Vore v. Colonial Manor Nursing Ctr.,
   No. 03-cv-1660, 2004 WL 2348229 (N.D. Tex. Oct. 19, 2004) .................................... 6

**STATUTES/RULES**

Fed. R. Civ. P. 15 ............................................................................................................... 9,10

Fed. R. Evid. 201(b) ............................................................................................................... 4

Local Rule 7.1(e) .................................................................................................................... 1

Local Rule 15.1 .................................................................................................................. 9,10

Defendant ASI respectfully submits this reply in further support of its motion to dismiss.[1]

ASI moved to dismiss Plaintiff's Original Complaint. Plaintiff did <u>not</u> oppose that motion and instead filed the Amended Complaint, thereby <u>conceding</u> that the Original Complaint failed to satisfy even the most basic pleading requirements. The Amended Complaint contains different legal and factual theories, but is even more deficient and implausible, than the Original Complaint. Esposito completely shifted its focus to <u>Burns</u>, a former Esposito employee, and information that <u>Burns</u> allegedly shared with ASI. Esposito's new claims are premised upon the assertion that, beginning <u>in mid-August of 2012</u>, ASI solicited and obtained from Burns the <u>allegedly</u> <u>non-public</u> fact that Esposito intended to enter the ETF business through GENCAP and FactorShares. Am. Comp., ¶ 14. However, this fact was already public knowledge <u>by July 24, 2012</u>. Def. Memo. at 7-9. ***Plaintiff's Opposition does not even address, let alone refute, that this fact was public knowledge <u>before</u> Burns <u>allegedly</u> disclosed it to ASI***.

Moreover, according to the Amended Complaint, ASI allegedly induced Burns to breach his confidentiality agreement with Esposito in August 2012, over two months <u>before</u> Esposito filed its Original Complaint in October 2012. The complete shift in focus to Burns, who was not mentioned once in the Original Complaint, demonstrates that the Amended Complaint is Esposito's improper attempt to gain ammunition for a potential claim against Burns. Critically, although ASI's motion stressed Esposito's improper purpose for filing the Amended Complaint, <u>see</u> Def. Memo. at 2-3, ***Plaintiff's Opposition does not even address, let alone refute, the fact that Esposito filed the Amended Complaint for an improper purpose.***

Notwithstanding the foregoing, and in spite of the so-called "technical legal arguments"

---

[1] Capitalized terms used herein have the meanings assigned in ASI's moving memorandum of law, dated March 28, 2013 (Dkt. No. 24) (hereinafter, "Def. Memo."). Cites to "Plaintiff's Opposition" or "Pltf. Opp." are to Plaintiff's opposition to ASI's motion to dismiss, dated April 29, 2013 (Dkt. No. 26). It should be noted at the outset that Plaintiff's Opposition was untimely. Pursuant to Local Rule 7.1(e), Plaintiff's Opposition was due April 18th, <u>i.e.</u>, <u>21</u> days from the date ASI's motion was filed. However, Plaintiff's Opposition was not filed until April 29th, <u>32</u> days after ASI's motion was filed. The Court should grant ASI's motion on this basis alone.

made by ASI (Pltf. Opp. at 1), Plaintiff's Opposition attempts to avoid dismissal by making three basic arguments, none of which save Plaintiff's claims.  <u>First</u>, Plaintiff argues that, under pleading standards from certain cases (many of which pre-date <u>Iqbal</u> and <u>Twombly</u>), it has adequately alleged its claims.  Plaintiff, however, misapplies those legal standards and ignores <u>Iqbal</u> and <u>Twombly</u>.  Because all of Plaintiff's claims are unsupported by actual <u>facts</u> and are implausible, they fail to satisfy <u>Iqbal</u> and <u>Twombly</u>.  <u>Second</u>, Plaintiff argues that the documents relied upon by ASI may not be properly considered on a motion to dismiss.  However, ASI relied solely upon publically-available documents, many of which are Esposito's own documents, and all of which may properly be considered on a motion to dismiss.  And, it is telling that Plaintiff does not deny that the documents ASI submitted refute the elements of Plaintiff's claims.  <u>Third</u>, Plaintiff argues that it has adequately alleged each of the elements of each of its claims.  However, Plaintiff's Opposition merely recites the elements of the causes of action, relies upon naked assertions and legal conclusions, manufactures assertions that are not in the Amended Complaint, and often does not even address ASI's arguments.

Plaintiff also "requests" leave to amend if the Court is inclined to grant ASI's motion.  Because Plaintiff has now had two attempts to state claims against ASI, because any amendment would be futile, and because Plaintiff's "request" for leave is procedurally improper, Plaintiff's request should be denied, and the Amended Complaint should be dismissed <u>with</u> <u>prejudice</u>.

**I.      <u>ESPOSITO'S CLAIMS FAIL TO MEET THE *IQBAL/TWOMBLY* STANDARD</u>**

Plaintiff misapplies the legal standards applicable to a motion to dismiss to argue that it would be inappropriate to grant ASI's motion.  Pltf. Opp. at 2-3.

First, Plaintiff relies upon cases decided prior to <u>Iqbal</u> and <u>Twombly</u>, which set forth new pleading standards.  <u>See</u> <u>id.</u> (citing cases).  Although a court "must accept all well-pleaded allegations as true and view them in the light most favorable to the plaintiff" (Pltf. Opp. at 2),

this Court need not accept as true Plaintiff's allegations, because they are merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," and/or "naked assertions" lacking any "further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Moreover, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Puente v. CitiMortgage, Inc., 11-cv-2509, 2012 WL 4335997, at *2 (N.D. Tex. Aug. 29, 2012) (quotation omitted). Plaintiff also cites a 1974 case to argue that "a well-pleaded complaint may proceed even if it appears 'that a recovery is ***very remote and unlikely***.'" Pltf. Opp. at 3 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)) (emphasis added). Because the likelihood of Plaintiff's recovery here is less than "very remote and unlikely," Plaintiff's claims stop "short of the line between possibility and plausibility of entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007). Esposito has not "nudged [its] claims across the line from conceivable to plausible." Id., at 570.

Given that the Amended Complaint contains merely a plethora of naked assertions and unsupported legal conclusions, see, e.g., Am. Comp., ¶¶ 25, 30 & 34, and claims that are implausible, Plaintiff cannot avoid the import of the Amended Complaint's pleadings defects by arguing for standards that are different than the ones that clearly apply now.

Second, Plaintiff argues that it is entitled to discovery.[2] However, Plaintiff cannot rely upon naked assertions, legal conclusions, and implausible theories to seek discovery. Iqbal makes clear that Plaintiff cannot "unlock the doors of discovery . . . armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79; see also Puente, 2012 WL 4335997, at *2. Plaintiff's "[t]hreadbare recitals of the elements of [the] cause[s] of action supported by mere conclusory statements, do not suffice" to state a plausible claim for relief and, because Plaintiff's

---

[2] See, e.g., Pltf. Opp. at 5 ("How and precisely why Defendant induced Burns to disclose proprietary information cannot be shown without discovery."), & 7-8. Plaintiff's eager desire for discovery further demonstrates that this case was brought for the improper purpose of seeking ammunition against Burns.

3

assertions are "deficient under Rule 8, [it is] not entitled to discovery." Iqbal, 556 U.S. at 686.

## II.  THE DOCUMENTS RELIED UPON BY ASI MAY PROPERLY BE CONSIDERED ON A MOTION TO DISMISS

Plaintiff argues that the Court may not consider the documents ASI submitted because they are "outside the pleadings." Pltf. Opp. at 3-4. ASI relied upon various publically-available documents to show that a fact—Esposito's intention to enter the ETF business—was public when the Amended Complaint alleges that it was confidential and non-public. Def. Memo. at 7-9. Specifically, the documents submitted by ASI fall into one of three categories, each of which this Court has held are proper to consider on a motion to dismiss: (1) documents filed by Esposito or its companies with the SEC and Texas Secretary of State, or filed with FINRA, which are matters of public record (APP (Dkt. No. 25), Exhs. "I" & "P"-"S"); (2) news articles (some of which quote Esposito) (APP, Exhs. "A"-"H"); and (3) documents from Esposito's own publically-available website (APP, Exhs. "J" through "O"). Puente, 2012 WL 4335997, at *3.[3] Plaintiff, however, does not specify which documents should not be considered and why.

First, the Court may take judicial notice of, and properly consider here, each of these three categories of documents. See Def. Memo. at 10, n.18 (citing cases). Even Plaintiff's cases recognize that courts may consider matters of public record. See Pltf. Opp. at 3-4.[4]

Second, Plaintiff does not even address, let alone deny, that the documents submitted by ASI directly refute Plaintiff's claims and theories.

Third, the Court may take judicial notice of the documents because they are not offered for the truth of the statements therein, but, rather, are offered to show that certain matters were public that Esposito alleges were not. Plaintiff argues that the Court may consider judicially-

---

[3]  These documents satisfy Fed. R. Evid. ("FRE") 201(b). For example, Esposito cannot reasonably question the accuracy of documents on its own website.

[4]  Plaintiff mistakenly relies upon Scanlan v. Texas A&M Univ., 343 F.3d 533 (5th Cir. 2003) (Pltf. Opp. at 3) because the document that defendant relied upon did not satisfy FRE 201(b) and was created by the defendant.

noticed documents "*only* for the purpose of determining what statements the documents contain, *not* to prove the truth of the statements contained therein." Pltf. Opp. at 3-4. This is what ASI is asking this Court to consider. Plaintiff's claims are premised upon the assertion that, in mid-August 2012, ASI obtained from Burns the allegedly **confidential**, **non-public** fact that Esposito intended to enter the ETF business. Am. Comp., ¶ 14. ASI submitted documents showing that, before August 2012, statements were already in the public domain that Esposito had entered, or intended to enter, the ETF business. ASI did not submit the documents to show that Esposito had actually entered, or actually intended to enter, the ETF market, merely that such statements were public and therefore not confidential.

### III. PLAINTIFF FAILED TO ALLEGE A CLAIM FOR TORTIOUS INTERFERENCE WITH EXISTING CONTRACT (COUNT 1)

Plaintiff's claim for tortious interference with existing contract relating to Burns' confidentiality agreement with Esposito (Count 1) fails because the Amended Complaint fails to adequately allege any facts as to: (1) how and why ASI willfully and intentionally interfered with that contract; (2) how Burns' breach could proximately cause Esposito any damages; or (3) how Plaintiff suffered any damages given that Plaintiff fails to identify any exclusive trading relationship between Plaintiff and its alleged current clients. Def. Memo. at 14-17.

With respect to how and why ASI willfully and intentionally interfered with that contract, Plaintiff argues that, although this "cannot be shown without discovery . . . [t]he most obvious and reasonable inference is [ASI] intended to [sic] Burns to breach his contact [sic] in order to gather information about Esposito, which [ASI] could use to its competitive advantage." Pltf. Opp. at 5. Plaintiff does not allege that ASI used any information to its "competitive advantage," i.e., that what was allegedly obtained from Burns (which was already public) was used in ASI's business. "[P]arties may not amend their pleadings through responses to motions." Gonzalez v.

5

Conoco, Inc., 98-cv-3109, 2000 WL 251744, at *3, n.5 (S.D. Tex. Feb. 1, 2000). Plaintiff also does not identify any facts supporting the assertion that ASI induced Burns to breach his confidentiality agreement, let alone that such inducement was willful and intentional.

Moreover, Plaintiff completely fails to address ASI's argument that Plaintiff failed to plead facts to show how Burns' breach of his confidentiality agreement with Esposito could proximately cause Esposito to lose its own clients. Def. Memo. at 16-17. Plaintiff merely states that ASI's "claim is without merit," without pointing to a single allegation in the Amended Complaint to show how Plaintiff adequately alleged proximate cause. Pltf. Opp. at 6.

Plaintiff fails to address, thereby conceding, ASI's argument that Burns' breach of his confidentiality agreement did not cause Esposito to suffer any damages given that the information ASI allegedly obtained from Burns was already public. Def. Memo. at 7-9 & 17.[5]

Plaintiff also fails to address, thereby conceding, ASI's argument that Plaintiff cannot plead actual damages. Plaintiff incorrectly states that ASI did not challenge Plaintiff's failure to allege actual damages. Pltf. Opp. at 4. ASI did argue that, because Plaintiff has not identified a single client that Plaintiff lost solely as a result of Burns allegedly breaching his confidentiality agreement, Plaintiff failed to allege actual damages. Def. Memo. at 17 (citing cases).

## IV. PLAINTIFF FAILED TO ALLEGE A CLAIM FOR TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACTS (COUNT 2)

Plaintiff's claim for tortious interference with prospective contractual relations (Count 2) fails because the Amended Complaint fails to adequately allege any facts as to: (1) the identity of any prospective client who is not already an existing client; (2) how ASI intentionally interfered with any prospective relationship with a prospective client; (3) how ASI's alleged conduct was independently tortious or unlawful; (4) how ASI allegedly acted with malice; (5)

---

[5] See Kimbrough v. Alamo Colls., 09-cv-0738, 2010 WL 841368, at *3 (W.D. Tex. Mar. 8, 2010); Vore v. Colonial Manor Nursing Ctr., 03-cv-1660, 2004 WL 2348229, at *2, n.3 (N.D. Tex. Oct. 19, 2004).

6

how ASI's alleged interference proximately caused any damages to Plaintiff; or (6) how Plaintiff suffered any damages given that Plaintiff fails to identify any exclusive trading relationship between Plaintiff and its alleged unnamed prospective clients.  Def. Memo. at 18-21.

With respect to ASI's argument that Plaintiff failed to identify any prospective clients it lost (Def. Memo. at 18-19), Plaintiff argues that "current" Esposito "clients," YourSource and American Wealth, also constitute prospective clients.  Pltf. Opp. at 7.  YourSource and American Wealth cannot be both existing and prospective clients.  Plaintiff also fails to address ASI's arguments that Plaintiff failed to: (a) identify a single prospective client; and (b) allege facts demonstrating that ASI intentionally interfered with any prospective relationship.

Plaintiff also fails to address ASI's argument that Plaintiff alleged no facts demonstrating that ASI's alleged conduct constituted an independently tortious or unlawful act.  Def. Memo. at 19-20.  Plaintiff alleged that ASI violated FINRA Rule 5250.  Am. Comp., ¶¶ 19 & 29.  ASI explained why FINRA Rule 5250 does not apply to ASI and, even if it did, ASI did not violate that rule.  Def. Memo. at 19-20.  Plaintiff's Opposition fails to respond to these arguments, thus conceding them.  Instead, Plaintiff newly asserts that ASI's independently tortious conduct is the alleged inducement of Burns to violate his confidentiality agreement with Esposito, Pltf. Opp. at 7-8, but there is no such allegation in the Amended Complaint.  Plaintiff may not amend its pleading in its opposition.  Gonzalez, 2000 WL 251744, at *3, n.5.  Moreover, as discussed above, any allegations surrounding ASI's alleged role in Burns' alleged breach of his confidentiality agreement with Esposito are speculative and lack any factual support, especially given that the allegedly confidential fact was already public.  Plaintiff has not pled any facts showing that an act of ASI was independently tortious or unlawful.

With respect to the failure to plead malice (Def. Memo. at 20), Plaintiff argues that "Defendant's position of persuasive power coupled with Defendant's phone calls explicitly

7

instructing YourSource, AWM, and other present or potential clients of Esposito to cease doing business with Esposito constitute unambiguous allegations of Defendant's malicious, intentional or willful purpose." Pltf. Opp. at 7. There is not, however, a single factual allegation in the Amended Complaint supporting malicious conduct by ASI under applicable legal standards.

With respect to the failure to plead proximate cause, Plaintiff argues that "Defendant's willful inducement of Burns to breach his contract with Esposito was a substantial factor in causing the injury to Esposito." Pltf. Opp. at 7-8, & n.2. Plaintiff misapplies the "but for" causation test which requires that, without the alleged act, the result would not have occurred. Plaintiff does not deny, and thus concedes, that Burns allegedly disclosed a public fact to ASI such that he could not possibly have breached his confidentiality agreement with Plaintiff. Plaintiff's Opposition also fails to respond to—thereby conceding—ASI's argument that the alleged "clients" would be free to trade securities with any broker of their choosing, because Plaintiff failed to allege an exclusive contract between it and those "clients." Def. Memo. at 21.

Finally, with respect to the failure to plead damages, contrary to Plaintiff's implications, see Pltf. Opp. at 8, the damages requirement comes from the pleading elements of the claim itself. Def. Memo. at 18. Tortious interference with prospective contractual relations requires a plaintiff to plead actual damages. Def. Memo. at 21. The Amended Complaint concedes that Plaintiff has not yet incurred actual damages, but merely "stands to lose both future trading opportunities and relationships with [its] clients." Am. Comp., ¶ 30 (emphasis added). Plaintiff's Opposition also fails to identify any prospective clients with which Plaintiff had, and thus could have lost, alleged "trading opportunities and relationships." See Pltf. Opp. at 7-8.

## V.     PLAINTIFF FAILED TO ALLEGE A BREACH OF CONTRACT (COUNT 3)

Plaintiff's claim for breach of contract (Count 3) fails because the Amended Complaint fails to adequately allege any facts to establish: (1) the plausibility of the alleged breach of

8

contract; (2) what information was allegedly disclosed by ASI to Plaintiff's clients; or (3) how Plaintiff suffered any damages as a result of ASI's alleged disclosure of Plaintiff's "Confidential Information" to Plaintiff's <u>own</u> clients. Def. Memo. at 21-25.

Plaintiff argues that a plaintiff has fulfilled its pleading obligations when it "identifies the contracts at issue and alleges acts constituting a breach of contract." Pltf. Opp. at 9. Although Plaintiff identifies the NDA, Plaintiff fails to allege a single act constituting a breach of that contract. Plaintiff merely recites the conclusory allegation that "AdvisorShares breached the NDA by disclosing Confidential Information subject thereto to clients of Esposito." Am. Comp., ¶ 34. Plaintiff argues that the Court "must accept the allegations alleged as true." Pltf. Opp. at 10. However, a court may not accept such naked assertions and legal conclusions as true.

With respect to the failure to allege what information was allegedly disclosed by ASI to Plaintiff's clients, Plaintiff does nothing more than identify the contract and proffer legal conclusions about ASI's alleged breach. Pltf. Opp. at 10. Without any more particularity from Plaintiff identifying exactly what the allegedly "Confidential Information" was, the alleged "Confidential Information" could be referring to already public information or information specifically excepted from the NDA. Def. Memo. at 22-24.

Finally, with respect to Plaintiff's failure to allege how it was damaged by the alleged disclosure of Plaintiff's <u>own</u> "Confidential Information" to its <u>own</u> clients, Plaintiff argues that the mere, conclusory allegation that "Esposito suffered damages," Pltf. Opp. at 10 (citing Am. Comp., ¶ 34), must be accepted as true. This is insufficient under <u>Iqbal/Twombly</u>. Furthermore, Plaintiff failed to allege that it actually "lost" any clients as a result of ASI's disclosure of "Confidential Information," as opposed to some other reason. Def. Memo. at 24-25.

## VI. <u>PLAINTIFF'S "REQUEST" FOR LEAVE TO AMEND SHOULD BE DENIED</u>

Plaintiff "requests" leave to amend. Pltf. Opp. at 10-11. Under FRCP 15 and Local Rule

9

15.1, Plaintiff was required to both <u>move</u> for leave to amend <u>and</u> to attach its proposed new pleading.  It failed to do so.

Furthermore, Plaintiff has now had two attempts to state claims against ASI.  Plaintiff's Amended Complaint contains different legal and factual theories than its Original Complaint.  By filing the Amended Complaint instead of opposing ASI's initial motion to dismiss, Plaintiff <u>conceded</u> that the Original Complaint was deficient.  It would be inappropriate to grant leave to amend because, having already amended once, Plaintiff has now had two opportunities to assert its "best case." <u>Jones v. Greninger</u>, 188 F.3d 322, 327 (5th Cir. 1999).

Moreover, amendment would be futile because Plaintiff cannot cure the defects. <u>Tompkins v. Century LLC</u>, 11-cv-79, 2011 WL 4017957, at *4 (E.D. Tex. Sept. 9, 2011).  For example, no amount of artful pleading can change the fact that matters that Plaintiff alleges were confidential were, in fact, already public.  Plaintiff should not be granted leave to amend.

## CONCLUSION

The Amended Complaint should be dismissed in its entirety <u>with</u> <u>prejudice</u>.

Dated:  May 13, 2013

Respectfully submitted,
By: */s/ Ann Marie Painter*
Ann Marie Painter
Texas Bar No. 00784715
annmarie.painter@morganlewis.com
Micala R. Bernardo
Texas Bar No. 24061108
mbernardo@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
1717 Main Street, Suite 3200
Dallas, Texas 75201
Telephone:  (214) 466-4000
Facsimile:  (214) 466-4001
*ATTORNEYS FOR DEFENDANT*
*ADVISORSHARES INVESTMENTS, LLC*

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing has been served upon all counsel of record via the Court's ECF filing on this 13th day of May, 2013, as follows:

Court D. Smith
Justin P. England
Crouch & Ramey, LLP
2001 Ross Avenue, Suite 4400
Dallas, TX  75012

*/s/ Ann Marie Painter*
Ann Marie Painter