**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ESPOSITO SECURITIES, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Case No. 3:12-cv-04926** |
| | § | |
| **ADVISORSHARES INVESTMENTS,** | § | |
| **LLC,** | § | |
| **Defendant.** | § | |

**PLAINTIFF ESPOSITO SECURITIES, LLC'S ANSWER TO THE
COUNTERCLAIM OF ADVISORSHARES INVESTMENTS, LLC**

Esposito Esposito Securities, LLC ("Esposito") hereby submits its Answer to the Counterclaim of AdvisorShares Investments, LLC ("ASI"). All allegations in the Counterclaim are denied unless expressly admitted herein.

## FACTS

1.      Esposito admits the allegations in paragraph 1 of the counterclaim.

2.      In response to paragraph 2 of the counterclaim, Esposito is without knowledge or information sufficient to admit or deny whether ASI developed and grew its ETF business using each of the categories of information labeled.

3.      Esposito is without knowledge or information sufficient to admit or deny the facts set forth in paragraph 3.

4.      Esposito is without knowledge or information sufficient to admit or deny whether the "ASI Confidential Information" is secret or whether ASI took steps to maintain this Confidentiality.

5.      In response to paragraph 5 of the counterclaim, Esposito is without knowledge or information sufficient to admit or deny whether the ASI Confidential Information is disseminated to the public at large.

6.      Without knowing the precise scope or content of the "ASI Confidential Information," Esposito is without knowledge or information sufficient to form a belief about the allegations asserted in paragraph 6.

7.      Without knowing the precise scope or content of the "ASI Confidential Information, Esposito is without knowledge or information sufficient to admit or deny whether ASI holds any competitive advantage by virtue of its "ASI Confidential Information."

8.      Esposito is without knowledge or information sufficient to admit or deny the allegations in paragraph 8.

9.      Esposito admits the allegations in paragraph 9.

10.      Esposito admits the allegations in paragraph 10.

11.      In response to paragraph 11 of the counterclaim, Esposito asserts that the NDA itself is the best evidence of the terms of the NDA, and therefore relies on the NDA to determine the truth of the allegations in paragraph 11. To the extent this language differs from the NDA, Esposito denies the veracity of this paragraph.

12.      In response to paragraph 12 of the counterclaim, Esposito asserts that the NDA itself is the best evidence of the terms of the NDA, and therefore relies on the NDA to determine the truth of the allegations in paragraph 12. To the extent this language differs from the NDA, Esposito denies the veracity of this paragraph.

13.      In response to paragraph 13 of the counterclaim, Esposito asserts that the NDA itself is the best evidence of the terms of the NDA, and therefore relies on the NDA to determine

the truth of the allegations in paragraph 13. To the extent this language differs from the NDA, Esposito denies the veracity of this paragraph.

14.     In response to paragraph 14 of the counterclaim, Esposito admits it received some information designated as "Confidential Information." Otherwise, Esposito denies the truth of paragraph 14.

15.     Esposito admits the allegations in paragraph 15 of the counterclaim.

16.     Esposito admits the allegations in paragraph 16 of the counterclaim.

17.     In response to paragraph 17 of the counterclaim, Esposito cannot speculate as to what times ASI considers "relevant to this Counterclaim." Esposito admits that Joel Colpitts was the CFO of Esposito Securities in 2012. Esposito denies that Mr. Colpitts is still the CFO of Esposito Securities.

18.     Esposito admits the allegations in paragraph 18 of the counterclaim.

19.     Esposito admits the allegations in paragraph 19 of the counterclaim.

20.     Esposito admits the allegations in paragraph 20 of the counterclaim.

21.     Esposito denies the allegations in paragraph 21 of the counterclaim in so far as this paragraph fails to describe any similarities in the business models of FactorShares and ASI.

22.     Esposito admits the allegations in paragraph 22 of the counterclaim.

23.     Esposito denies the allegations in paragraph 23 of the counterclaim.

24.     Esposito denies the allegations in paragraph 24 of the counterclaim.

25.     Esposito admits the allegations in paragraph 25 of the counterclaim.

26.     Esposito denies the allegations in paragraph 26 of the counterclaim.

27.     Paragraph 27 is vague and ambiguous in its use of the term "mid-2012." As such, Esposito admits that it entered the ETF market through GENCAP and FactorShares, but is

without sufficient information to admit or deny whether it did so at the precise time ASI believes to be "mid-2012.:

28.     Esposito denies the allegations in paragraph 28 of the counterclaim.

29.     Esposito denies the allegations in paragraph 29 of the counterclaim.

30.     Esposito denies the allegations in paragraph 30 of the counterclaim, except to the extent they purport to state a legal conclusion, as to which no response is required.

31.     Esposito denies the allegations in paragraph 31 of the counterclaim.

32.     Esposito denies the allegations in paragraph 32 of the counterclaim.

33.     Esposito denies the allegations in paragraph 33 of the counterclaim.

34.     Esposito denies the allegations in paragraph 34 of the counterclaim.

35.     Esposito denies the allegations in paragraph 35 of the counterclaim.

36.     Esposito denies the allegations in paragraph 36 of the counterclaim, except to the extent they purport to state a legal conclusion, as to which no response is required.

37.     Esposito denies the allegations in paragraph 37 of the counterclaim, except to the extent they purport to state a legal conclusion, as to which no response is required.

38.     Esposito denies the allegations in paragraph 38 of the counterclaim.

39.     Esposito denies the allegations in paragraph 39 of the counterclaim, except to the extent they purport to state a legal conclusion, as to which no response is required.

40.     Esposito denies the allegations in paragraph 40 of the counterclaim, except to the extent they purport to state a legal conclusion, as to which no response is required.

41.     Esposito denies the allegations in paragraph 41 of the counterclaim, except to the extent they purport to state a legal conclusion, as to which no response is required.

42.      Esposito denies the allegations in paragraph 42 of the counterclaim, except to the extent they purport to state a legal conclusion, as to which no response is required.

43.      Esposito denies the allegations in paragraph 43 of the counterclaim, except to the extent they purport to state a legal conclusion, as to which no response is required. Esposito further denies that ASI is entitled to any damages and denies that ASI has suffered an injury.

44.      Esposito denies the allegations in paragraph 44 of the counterclaim

45.      Esposito denies the allegations in paragraph 45 of the counterclaim, except to the extent they purport to state a legal conclusion, as to which no response is required.

## COUNT I
## BREACH OF CONTRACT

46.      In response paragraph 46 of the counterclaim, Esposito re-alleges its responses to paragraphs 1 through 40 as though fully rewritten.

47.      Esposito admits the allegations in paragraph 47 of the counterclaim.

48.      Esposito admits the allegations in paragraph 48 of the counterclaim.

49.      Esposito denies the allegations in paragraph 49 of the counterclaim, except to the extent they purport to state a legal conclusion, as to which no response is required.

50.      Esposito denies the allegations in paragraph 50 of the counterclaim, except to the extent they purport to state a legal conclusion, as to which no response is required.

51.      Esposito denies the allegations in paragraph 51 of the counterclaim, except to the extent they purport to state a legal conclusion, as to which no response is required.

52.      Esposito denies the allegations in paragraph 52 of the counterclaim, except to the extent they purport to state a legal conclusion, as to which no response is required.

53.     Esposito denies that it breached the NDA. Esposito is without knowledge or information sufficient to admit or deny the remainder of the allegations in paragraph 53, and therefore denies the same.

54.     Esposito denies the allegations in paragraph 54 of the counterclaim

55.     Esposito denies the allegations contained in paragraph 55 of the counterclaim, except to the extent they purport to state a legal conclusion or a prayer for relief, as to which no response is required.

## PRAYER

Esposito denies that ASI is entitled to any relief whatsoever.

## DEFENSES

Esposito asserts the following defenses to ASI's counterclaim:

1.     ASI's claims are barred, in whole or in part, because Esposito has fully performed under the terms of the NDA.

2.     ASI's claims are barred, in whole or in part, by the unclean hands of ASI as ASI breached the NDA.

3.     ASI's claims are barred, in whole or in part, because Esposito did not use ASI's "Confidential Information" in order to start its own ETF business.

4.     Without admission of liability, Esposito is entitled to a set-off, should any damages be awarded against it and in favor of ASI. Any damages found in favor of ASI must be set-off by any improper gains obtained by ASI and/or damage ASI caused to Esposito.

5.     As discovery is still ongoing, Esposito reserves the right to assert additional defenses should the same be necessary.

Dated:    August 30, 2013                    Respectfully submitted,


By:  */s/ Court D. Smith*
       **Court D. Smith**
       State Bar No. 24008049
       **Justin P. England**
       State Bar No. 24063955

**CROUCH & RAMEY, L.L.P.**
2001 Ross Avenue, Suite 4400
Dallas, Texas 75201
Telephone:    (214) 922-7100
Telecopier:    (214) 922-7101

**ATTORNEYS FOR PLAINTIFF
ESPOSITO SECURITIES, LLC**


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been forwarded via certified mail return receipt requested on this 30th day of August, 2013, to the following:

Paulo B. McKeeby
Micala R. Bernardo
MORGAN LEWIS & BOCKIUS LLP
1717 Main Street, Suite 3200
Dallas, Texas 75201
Email:  paulo.mckeeby@morganlewis.com
       mbernardo@morganlewis.com


       */s/ Court D. Smith*
       Court D. Smith